Wedge *v.* The State.

7L 687
15L 180

## J. L. WEDGE *et al. v.* THE STATE.

CRIMINAL LAW. *Indictment. Larceny.* An indictment, charging that the prisoner unlawfully and feloniously did steal, take and carry away certain goods with intent to deprive the owner thereof, is good, without alleging in addition that the goods were taken without permission of the owner.

### FROM GRAINGER.

Petition for writ of error.

C. A. FRAME for Wedge.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The plaintiffs in error were indicted for that they "unlawfully and feloniously did steal, take and carry away, with intent to deprive the owner thereof," cer-

tain chattels of the prosecutor. They were convicted, and have gone to the penitentiary. They now apply for a writ of error, the only error assigned being that the court below should have sustained the motion to arrest the judgment because the indictment "does not allege that the goods were taken without the permission of the owner." The learned counsel cite the *State* v. *Braden*, 2 Tenn., 68, and *Hite* v. *State*, 9 Yer., 198, in support of this position. But these cases only hold that to make out the offense of larceny, there must be a trespass in the original taking, and generally that unless the goods were taken without the consent of the owner, or conversely if taken with his consent, there is no trespass and no larceny. They do not hold that in order to make out a good indictment there must be an averment, *in hœc verba*, that the goods were taken without the consent of the owner. The elements of the crime, using the words of the statute, Code, sec. 4677, are contained in the indictment, which is in the ordinary form and is good: *State* v. *Swafford*, 3 Lea, 162.

Writ of error refused.